# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

RAYSHAUN HUDSON,

Petitioner, : Case No. 3:15-cv-146

- vs -

District Judge Walter Herbert Rice
Magistrate Judge Michael R. Merz

CHARLOTTE JENKINS, Warden,
Correctional Institution,

:

Respondent.

## REPORT AND RECOMMENDATIONS

This is an action pursuant to 28 U.S.C. § 2254 for a writ of habeas corpus. The Petition shows Hudson was convicted of two counts of felonious assault for shooting a friend and business associate twice in the leg, and associated crimes, including firearm specifications. Hudson has exhausted available state court remedies and pleads one ground for relief:

> **Ground One:** THE PETITIONER WAS DENIED EFFECTIVE COUNSEL WHEN COUNSEL FAILED TO ADVISE THE PETITIONER TO ACCEPT A TEN-YEAR PLEA OFFER.
>
> **Supporting Facts:** In the case at hand, the petitioner presented undisputed evidence that he was offered a ten year plea offer, but instead of pleading guilty the petitioner proceeded to trial defenseless after admitting that he committed the offense and received a 42 year sentence based on ineffective assistance of counsel who clearly had a conflict of interest during the proceeding.

(ECF No. 1 PageID 6.)

The Warden argues the Petition should be dismissed with prejudice because of Hudson's procedural default in presenting this claim to the Ohio courts. Essentially the argument is that this ineffective assistance of trial counsel claim depends on evidence outside the record and therefore had to be presented in a petition for post-conviction relief under Ohio Revised Code § 2953.21. Hudson did so, but his presentation was untimely and was dismissed on that basis (Return, ECF No. 6, PageID 920-25).

Hudson replies that the real issue he wishes to raise in habeas is as follows:

> Whether the Petitioner was denied effective counsel on appeal, when appellante [sic] counsel failed to raise on direct appeal trial counsel's ineffectiveness in failing to properly advise the Petitioner to accept a ten - year plea offer by the State, when there was no possible defense at trial and the appellant admitted to committing the offense charged.

(Reply, ECF No. 8, PageID 931.) In other words, Hudson claims he received ineffective assistance of appellate counsel when his appellate attorney did not raise a claim of ineffective assistance of trial counsel for failure to advise him to accept a ten-year plea agreement.

This amounts to an amendment of the Petition to present a different claim than was initially pleaded: ineffective assistance of appellate counsel claims are based on different facts and law than ineffective assistance of trial counsel claims. Ordinarily an amendment of this sort, made after Respondent has answered, would require a motion and court permission. However, the Court will allow the amendment because the amended ground for relief can be adjudicated on the present record and there will be no prejudice to Respondent.

## Analysis

Ineffective assistance of counsel claims, whether at trial or on appeal, are judged by the same standard, adopted by the Supreme Court in *Strickland v. Washington,* 466 U.S. 668 (1984):

> A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction or death sentence has two components. First, the defendant must show that counsel's performance was deficient. This requires showing that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable.

466 U.S. at 687. In other words, to establish ineffective assistance, a defendant must show both deficient performance and prejudice. *Berghuis v. Thompkins*, 560 U.S. 370, 389 (2010), *citing Knowles v. Mirzayance*, 556 U.S. 111 (2009). The *Strickland* test applies to appellate counsel. *Smith v. Robbins*, 528 U.S. 259, 285 (2000); *Burger v. Kemp*, 483 U.S. 776 (1987).

Before presenting a federal constitutional claim in habeas corpus, a state court defendant must first exhaust the remedies available to him in the state courts. Ohio provides only one remedy for ineffective assistance of appellate counsel, to wit, an application to reopen the appeal under Ohio R. App. P. 26(B). Hudson filed such an application on July 17, 2013. On August 16, 2013, Hudson amended his 26(B) Application to add this claim as the sixth omitted assignment of error (State Court Record, ECF No. 5, Ex. 41, PageID 218-19).

The Ohio Second District Court of Appeals decided the 26(B) Application on September 23, 2013. *State v. Hudson*, Case No. 2011 CA 100 (2nd Dist. Sept. 23, 2013)(unreported, copy at Return of Writ, ECF No. 5, PageID 221-29). Concerning the sixth omitted assignment of error, the court decided:

> Sixth, Hudson states that his appellate counsel failed to raise on direct appeal that his trial counsel was ineffective in failing to advise Hudson to accept a ten-year plea offer by the State. Hudson argues that he would have agreed to plead if his trial counsel had "taken the time to properly advise' him. Hudson's argument relies on information that is outside the record. Accordingly, it is not properly raised on direct appeal, and we will not reopen his appeal on this ground.

*Id.* at PageID 227-28. As Hudson points out in his Reply, the Second District declined to change this conclusion on reconsideration and the Ohio Supreme Court declined jurisdiction over an appeal.

Hudson did not procedurally default on his claim of ineffective assistance of appellate counsel. He raised it in the only method provided by Ohio law and he did so in a timely manner, receiving a decision on the merits from the Second District. Thus his ineffective assistance of appellate counsel claim is preserved for consideration on the merits in habeas corpus.

Hudson argues the Second District did not decide his ineffective assistance of appellate counsel claim on the merits and also did not rely on any procedural rule, but declined to decide on the basis of a "preference" that ineffective assistance of trial counsel claims be raised in post-conviction rather than on direct appeal (Reply, ECF No. 8, PageID 935, citing *Clinkscale v. Carter*, 375 F.3d 430 (6th Cir. 2004), and *Bray v. Andrews*, 640 F.3d 731 (6th Cir. 2011)).

*Clinkscale* was a capital habeas corpus case. Defendant was precluded from presenting

alibi evidence because his trial attorney failed to file a notice of alibi. He raised this as a claim of ineffective assistance of trial counsel on direct appeal but the Ohio court of appeals, the Sixth Circuit found, "declined to reach the merits of Clinkscale's ineffective assistance claim on direct appeal, it did so because of its preference that the claim be raised in a post-conviction motion, not because of Clinkscale's failure to comply with a procedural rule."

Clinkscale's capital offense occurred before first instance appellate jurisdiction of such offenses was transferred to the Supreme Court of Ohio. Hence the first appeal was heard in the Franklin County Court of Appeals. Clinkscale raised ineffective assistance of trial counsel in failing to file the notice of alibi as part of his fourth assignment of error on direct appeal. *State v. Clinkscale,* 1999 Ohio App. LEXIS 6453, *4 (10th Dist. Dec. 23, 1999). In denying relief on this assignment of error, the Tenth District wrote:

> In his third claim, defendant maintains that counsel were ineffective for not timely filing defendant's notice of alibi. As noted, counsel did clearly indicate that they were aware of the alibi witnesses before the disclosure deadline set forth in Crim.R. 12.1; however, the record contains no explanation of the reason behind the late disclosure. For example, the record does not disclose whether trial counsel failed to investigate or to interview defendant's alleged alibi witnesses. As a result, we are unable to reach a determination as to whether the delay was the result of trial strategy or was due to counsel's ineffectiveness as alleged. As the reason for the late disclosure is not a part of the record before this court, defendant **must** pursue his claim of ineffective assistance based upon the late disclosure by way of a motion for postconviction relief.

*Id.* at *28, emphasis added.

In ruling as it did, the Tenth District was not expressing a "preference" for how ineffective assistance of trial counsel claims are to be raised under Ohio law. Instead, it was enforcing a well-established rule in Ohio law that ineffective assistance of trial counsel claims or

indeed any constitutional claims that depend on evidence outside the appellate record must be raised in a petition for post-conviction relief under Ohio Revised Code § 2953.21 because evidence cannot be added to the record on direct appeal. *State v. Hooks*, 2001-Ohio-150, 92 Ohio St. 3d 83 (2001); *State v, Hartman*, 2001-Ohio-1580, 93 Ohio St. 3d 274, 299 (2001); *State v. Keith*, 79 Ohio St. 3d 514, 536 (1997); *State v. Scott*, 63 Ohio App. 3d 304, 308 (1989); *State v. Smith*, 17 Ohio St. 3d 98, 101, fn. 1 (1985). Conversely, constitutional claims including ineffective assistance of trial counsel claims which are supported by the appellate record must be raised on direct appeal and will be barred by *res judicata* if attempted to be raised later in post-conviction. *State v. Reynolds*, 1997-Ohio-304, 79 Ohio St. 3d 158, 161 (1997); *State v. Steffen*, 1994-Ohio-111, 70 Ohio St.3d 399, 410 (1994); *State v. Lentz*, 1994-Ohio-532, 70 Ohio St. 3d 527 (1994); *In re T.L.*, 2014-Ohio-1840, ¶ 16, 2014 Ohio App. LEXIS 1804 (8th App. Dist. 2014); As the Tenth District noted, trial counsel's reason for late disclosure of the alibi did not appear in the appellate record so that it could not be decided on direct appeal.[1] This Court declines to read the single word "preference" in Judge Martin's opinion as a holding that contravenes the Ohio rule separating ineffective assistance of trial counsel claims into those which can and those which cannot be adjudicated on the appellate record. *Bray*, *supra*, is not to the contrary. This Court therefore remains persuaded that the Second District decided Hudson's ineffective assistance of appellate counsel claims on the merits; there is nothing in Judge Donovan's opinion which suggests the contrary.

When a state court decides on the merits a federal constitutional claim later presented to a federal habeas court, the federal court must defer to the state court decision unless that decision

[1] In an earlier part of the *Clinkscale* opinion dealing with a claim of trial court abuse of discretion in not allowing the alibi, there is a good deal of discussion about whether the delay was a deliberate ploy by defense counsel to deny the State a fair trial.

is contrary to or an objectively unreasonable application of clearly established precedent of the United States Supreme Court. 28 U.S.C. § 2254(d)(1); *Harrington v. Richter*, 562 U.S. 86, 131 S. Ct. 770, 785 (2011); *Brown v. Payton*, 544 U.S. 133, 140 (2005); *Bell v. Cone*, 535 U.S. 685, 693-94 (2002); *Williams (Terry) v. Taylor*, 529 U.S. 362, 379 (2000).

The Supreme Court has required particular deference to state court decisions on ineffective assistance of counsel claims:

> "Surmounting *Strickland*'s high bar is never an easy task." *Padilla* v. *Kentucky*, 559 U.S. ___, ___, 559 U.S. 356, 130 S. Ct. 1473, 1485, 176 L. Ed. 2d 284, 297(2010). An ineffective-assistance claim can function as a way to escape rules of waiver and forfeiture and raise issues not presented at trial, and so the *Strickland* standard must be applied with scrupulous care, lest "intrusive post-trial inquiry" threaten the integrity of the very adversary process the right to counsel is meant to serve. *Strickland*, 466 U.S., at 689-690, 104 S. Ct. 2052, 80 L. Ed. 2d 674. Even under *de novo* review, the standard for judging counsel's representation is a most deferential one. Unlike a later reviewing court, the attorney observed the relevant proceedings, knew of materials outside the record, and interacted with the client, with opposing counsel, and with the judge. It is "all too tempting" to "second-guess counsel's assistance after conviction or adverse sentence." *Id.*, at 689, 104 S. Ct. 2052, 80 L. Ed. 2d 674; see also *Bell* v. *Cone*, 535 U.S. 685, 702, 122 S. Ct. 1843, 152 L. Ed. 2d 914 (2002); *Lockhart* v. *Fretwell*, 506 U.S. 364, 372, 113 S. Ct. 838, 122 L. Ed. 2d 180 (1993). The question is whether an attorney's representation amounted to incompetence under "prevailing professional norms," not whether it deviated from best practices or most common custom. *Strickland*, 466 U.S., at 690, 104 S. Ct. 2052, 80 L. Ed. 2d 674.
>
> Establishing that a state court's application of *Strickland* was unreasonable under § 2254(d) is all the more difficult. The standards created by *Strickland* and § 2254(d) are both "highly deferential," *id.*, at 689, 104 S. Ct. 2052, 80 L. Ed. 2d 674; *Lindh* v. *Murphy*, 521 U.S. 320, 333, n. 7, 117 S. Ct. 2059, 138 L. Ed. 2d 481 (1997), and when the two apply in tandem, review is "doubly" so, *Knowles*, 556 U.S., at ___, 129 S. Ct. 1411, 173 L. Ed. 2d 251. The *Strickland* standard is a general one, so the range of reasonable

> applications is substantial. 556 U.S., at ___, 129 S. Ct. 1411, 173 L. Ed. 2d 251. Federal habeas courts must guard against the danger of equating unreasonableness under *Strickland* with unreasonableness under § 2254(d). When § 2254(d) applies, the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard.

*Harrington v. Richter*, 562 U.S. 86, ___, 131 S. Ct. 770, 788, 178 L. Ed. 2d 624 (2011). This standard was reiterated in *Burt v. Titlow*, 134 S. Ct. 10, 15-16 (2013).

Hudson has not demonstrated that the Second District's decision on his 26(B) Application was contrary to or an unreasonable application of clearly established Supreme Court precedent. To evaluate a claim of ineffective assistance of appellate counsel, then, the court must assess the strength of the claim that counsel failed to raise. *Henness v. Bagley*, 644 F.3d 308 (6th Cir. 2011), *citing Wilson v. Parker*, 515 F.3d 682, 707 (6th Cir. 2008). Counsel's failure to raise an issue on appeal amounts to ineffective assistance only if a reasonable probability exists that inclusion of the issue would have changed the result of the appeal. *Id.*, *citing Wilson.* If a reasonable probability exists that the defendant would have prevailed had the claim been raised on appeal, the court still must consider whether the claim's merit was so compelling that the failure to raise it amounted to ineffective assistance of appellate counsel. *Id.*, *citing Wilson.*

Judge Donovan's opinion on Hudson's 26(B) Application holds that it was not ineffective assistance of appellate counsel to fail to raise the claim of ineffective assistance of trial counsel for failure to advise Hudson to take the ten-year deal because it could not have been raised on direct appeal: there was no evidence in the appellate record to support the claim. In his Reply, Hudson offers no evidence to refute this finding. That is, he points to no place in the record where it is shown that such a plea agreement was offered. In the absence of such evidence,

appellate counsel could not have raised the claim successfully.

**Conclusion**

Hudson has failed to show that the Second District's decision on his sole habeas claim – ineffective assistance of appellate counsel for failure to raise ineffective assistance of trial counsel on the plea agreement issue – is contrary to or an objectively unreasonable application of Supreme Court precedent. It is therefore respectfully recommended that the Petition be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous and therefore should not be permitted to proceed *in forma pauperis*.

September 11, 2015.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral

hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).