IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

RAYSHAUN HUDSON, :

    Petitioner,

v. :

                                            Case No. 3:15-cv-146

CHARLOTTE JENKINS, Warden,
Chillicothe Correctional                    JUDGE WALTER H. RICE
Institution, :

    Respondent.

---

DECISION AND ENTRY ADOPTING UNITED STATES MAGISTRATE
JUDGE'S REPORT AND RECOMMENDATIONS (DOC. #9);
DISMISSING PETITION FOR WRIT OF HABEAS CORPUS (DOC. #1)
WITH PREJUDICE; GRATUITOUS COMMENTS; JUDGMENT TO BE
ENTERED IN FAVOR OF RESPONDENT AND AGAINST PETITIONER;
DENYING CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL
*IN FORMA PAUPERIS*; TERMINATION ENTRY

---

    Based on the reasoning and citations of authority set forth by United States Magistrate Judge Michael R. Merz in his September 11, 2015, Report and Recommendations, Doc. #9, as well as on a thorough *de novo* review of this Court's file and the applicable law, the Court ADOPTS said judicial filing.  Although the parties were notified of their right to file objections to the Report and Recommendations, and of the consequences of failing to do so, no objections have been filed within the time allotted.

    The Petition for Writ of Habeas Corpus, Doc. #1, is DISMISSED WITH PREJUDICE.  In so holding, the Court makes the following observations.

Hudson's amended claim is that he was denied effective assistance of appellate counsel when that attorney failed to raise, on direct appeal, trial counsel's ineffectiveness in failing to properly advise Hudson to accept a ten-year plea offer. The state court denied Hudson's Ohio R. App. P. 26(B) application to reopen the appeal, because there is no evidence of a ten-year plea offer in the record, and new evidence, in support of a claim of ineffective assistance of appellate counsel, cannot be added to the record on direct appeal. *State v. Hooks*, 92 Ohio St.3d 83, 83-84 (Ohio 2001).[1]

Given that the state court decided the claim on its merits, this Court's review is constrained by 28 U.S.C. § 2254(d)(1). Magistrate Judge Merz correctly found that Hudson had exhausted his state remedies, and that the state court opinion was not contrary to or an unreasonable application of *Strickland v. Washington*, 466 U.S. 668 (1984). Because Hudson's claim depends on evidence outside the record, it could not have been successfully raised on direct appeal. Therefore, any failure to raise this issue on appeal cannot constitute ineffective assistance of counsel.

The Court sympathizes with Hudson's predicament. Assuming that he was, in fact, offered a ten-year plea deal, he was not permitted to present evidence of it in state court in support of his 26(B) application. Nor is he entitled to present

---

[1] Hudson raised an ineffective assistance of counsel claim in his petition for post-conviction relief under Ohio Revised Code § 2953.21, and may have been entitled to an evidentiary hearing in that context; however, the petition was dismissed as untimely.

2

evidence of it in federal court in support of his habeas petition; in accordance with *Cullen v. Pinholster*, 563 U.S. 170 (2011), our review is limited to the record that was before the state court when it ruled on his 26(B) application. In this Kafka-esque world of habeas law, Hudson is left with no way to prove his alleged ineffective assistance of appellate counsel claim. Nevertheless, this Court's hands are tied.

Given that Petitioner has not made a substantial showing of the denial of a constitutional right and, further, that the Court's decision herein would not be debatable among reasonable jurists, and because any appeal from this Court's decision would be objectively frivolous, Petitioner is denied a certificate of appealability, and is denied leave to appeal *in forma pauperis*.

Judgment will be entered in favor of Respondent and against Petitioner.

The captioned case is hereby ordered terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.

Date: October 8, 2015

_____
WALTER H. RICE
UNITED STATES DISTRICT JUDGE