# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

RAYSHAUN HUDSON,

        Petitioner,     :    Case No. 3:15-cv-146

- vs -                         District Judge Walter Herbert Rice
                               Magistrate Judge Michael R. Merz

CHARLOTTE JENKINS, Warden,
 Correctional Institution,

                               :

        Respondent.

## REPORT AND RECOMMENDATIONS

This habeas corpus case under 28 U.S.C. § 2254 is before the Court on Petitioner's Motion for Reconsideration of the Court's Decision and Entry of December 21, 2015, which determined not to reopen the judgment in this case (ECF No. 20). As a post-judgment motion, it is deemed referred under 28 U.S.C. § 636(b)(3).

Hudson's prior Motion for Reconsideration was denied because, although offered an opportunity to move to reopen the final judgment in the case by filing objections by November 13, 2015, he never did so.  He eventually filed Objections on December 28, 2015, six weeks after the deadline (ECF No. 19).  Because they were grossly late and filed after Judge Rice's decision, they were stricken.

Hudson now argues that granting his Motion for Reconsideration and dealing with the Objections on the merits would be in the interests of justice and allow this Court to "resolve an

1

issue addressing a life sentence to the petitioner."  (ECF No. 20, PageID 984).

Hudson's underlying claim – that he received ineffective assistance of trial counsel when his attorney did not communicate a ten-year plea offer – has not been resolved on the merits because Hudson committed a procedural default in presenting it to the state courts – it was untimely.  The Magistrate Judge recommended the Petition be dismissed on that basis.  Hudson did not object when he was first given an opportunity to do so.  The Court gave him the benefit of the doubt about his mail problems and gave him a second chance to object.  He failed again to file timely objections.

It is respectfully recommended that the Court allow the judgment herein to remain final.

January 14, 2016.

s/ *Michael R. Merz*
United States Magistrate Judge

### NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in

accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).