IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

RAYSHAUN HUDSON, :

    Petitioner,

v. : Case No. 3:15-cv-146

CHARLOTTE JENKINS, Warden, : JUDGE WALTER H. RICE

    Respondent. :

---

DECISION AND ENTRY ADOPTING UNITED STATES MAGISTRATE JUDGE'S REPORT AND RECOMMENDATIONS (DOC. #21); OVERRULING IN PART AND SUSTAINING IN PART PETITIONER'S OBJECTIONS THERETO (DOC. #22); OVERRULING MOTION FOR RECONSIDERATION OF ORDER ENTERED ON 12/21/15 ADOPTING THE MAGISTRATE'S RULINGS ENTERED ON NOV. 23, 2015, AND DEC. 15, 2015 (DOC. #20); CASE TO REMAIN TERMINATED ON COURT'S DOCKET

---

On January 14, 2016, United States Magistrate Judge Merz issued a Report and Recommendations, recommending that the Court overrule Petitioner's Motion for Reconsideration, Doc. #20. Based on the reasoning and citations of authority set forth by Magistrate Judge in that Report and Recommendations, Doc. #21, as well as on a thorough, *de novo* review of this Court's file and the applicable law, the Court ADOPTS said judicial filing.

Petitioner's Objections thereto, Doc. #22, are OVERRULED IN PART and SUSTAINED IN PART. In the Report and Recommendations, Magistrate Judge Merz stated:

> Hudson's underlying claim—that he received ineffective assistance of trial counsel when his attorney did not communicate a ten-year plea offer—has not been resolved on the merits because Hudson committed a procedural default in presenting it to the state courts—it was untimely. The Magistrate Judge recommended the Petition be dismissed on that basis.

Doc. #21, PageID#989.

Petitioner takes issue with both of these sentences. He argues that the first sentence is contrary to this Court's October 8, 2015, Decision and Entry, Doc. #10, in which the Court found that the claim had been decided on its merits. This is simply incorrect. The October 8, 2015, Decision and Entry refers to Petitioner's amended claim of ineffective assistance of *appellate* counsel, not his claim of ineffective assistance of *trial* counsel. Doc. #10, PageID#951. This portion of Petitioner's Objection is therefore OVERRULED.

The Court SUSTAINS Petitioner's Objection with respect to the second sentence. Magistrate Judge Merz initially recommended that the Petition be dismissed, not because the amended claim was procedurally defaulted, but because the state court's decision on Petitioner's 26(B) Application was not contrary to or an unreasonable application of Supreme Court precedent. *See* Doc. #9, PageID#948. This error, however, does nothing to change the Court's ruling on the Motion for Reconsideration, Doc. #12, which was overruled because Petitioner failed to file timely Objections by way of an Amended Motion to Alter the Judgment.

2

Petitioner argues that, in the interests of justice, the Court should excuse his failure to make timely filings, because he has had continued problems with delivery of his legal mail. As Magistrate Judge Merz noted, however, at Petitioner's request, the Court extended the deadline for filing Objections until November 13, 2015. Doc. #13. Petitioner did not file Objections until December 28, 2015. Doc. #19. The six-week delay cannot be blamed on slow mail delivery, and is inexcusable.

Accordingly, Petitioner's Motion for Reconsideration, Doc. #20, is OVERRULED. The above-captioned case shall remain terminated on the Court's docket.

Date: February 9, 2016

WALTER H. RICE
UNITED STATES DISTRICT JUDGE